**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| One Nation Irrevocable Trust, et al,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Sanjiv Das, et al.,<br><br>                    Defendants. | No. CV-21-00964-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) (Doc. 12). For the following reasons, the Court will grant the Motion and dismiss this case with leave to amend.

Rule 8(a) provides "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. L.A. Cty.*, 216 F.3d 837, 841 (9th Cir. 2000).

Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's complaint must contain enough facts to "state a claim to relief that is plausible on its face," allowing "the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While 'the proper length and level of clarity for a pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)). Additionally, complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that consist "largely of immaterial background information" are subject to dismissal under Rule 8. *Cafasso*, 637 F.3d at 1059. A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit." *Id*. at 1179 (stating Rule 8's requirements apply "to good claims as well as bad").

If the court finds the complaint should be dismissed, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected. *Id.* at 1130–31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1107–11; *see also Moss v. U.S. Secret Serv.,* 572 F.3d 962, 972 (9th Cir. 2009).

Here, Plaintiff's complaint does not satisfy the federal pleading requirements. The complaint does not provide a short and plain statement of Plaintiffs' claims, nor simple, concise, and direct allegations. Plaintiffs have not included facts describing how Defendants' actions were unlawful in any clear, legally cognizable way, or how those actions harmed Plaintiffs in a manner sufficient to raise a plausible right to relief. Rather, the complaint is comprised of largely incoherent and unintelligible allegations, and although Plaintiffs cite various federal and state provisions and cases, it is unclear how the allegations correlate to those grounds. The complaint therefore does not provide sufficient

notice to Defendants of how it allegedly violated Plaintiffs' legal rights. Further, Plaintiffs' response to the Motion to Dismiss is similarly unintelligible and provides the Court no clarify. Plaintiffs' complaint will be dismissed.

Defendants also argue that Plaintiffs fail to state a claim for relief under Rule 12(b)(6). While Defendants' arguments may have merit, the Court cannot even discern what claims Plaintiffs are bringing based on the current record. Accordingly, the Court will not address Defendants' arguments unless and until Plaintiffs file an amended complaint and clarify exactly what claims they are bringing and what facts support each of their claims.

Because the Court cannot even determine what claims Plaintiffs bring, the Court cannot determine whether amendment will be futile. The Court will therefore give Plaintiffs the opportunity to amend the complaint. *See Lopez*, 203 F.3d at 1127. Any amended complaint filed by Plaintiffs must conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure. For example, the amended complaint must set forth in a clear and simple manner the basis for federal court jurisdiction, state a cause of action that shows Plaintiff is entitled to relief, and provide a demand for relief.

Plaintiffs are advised that if they elect to file an amended complaint but fail to comply with the instructions explained in this Order, fail to prosecute this action, or otherwise fail to comply with the federal and local rules, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order). Accordingly,

///

1   **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 12)
2   is **granted**. This case is **dismissed without prejudice**.
3   **IT IS FURTHER ORDERED** that Plaintiff shall file a First Amended Complaint
4   ("FAC") by **September 17, 2021**. Plaintiffs are warned that, if they do not timely file a
5   FAC or otherwise fail to comply with this order, the Court may dismiss this action under
6   Fed R Civ P 41(b) for failure to diligently prosecute.
7   Dated this 18th day of August, 2021.

Honorable Steven P. Logan
United States District Judge